# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL FORSTER,**

        **Petitioner,**

    **-v-**                                                         **Case No. 04-C-171**

**JUDY SMITH,**

        **Respondent.**

## DECISION AND ORDER

      Michael Forster ("Forster") was convicted of second degree sexual assault of a child, in violation of Wis. Stat. § 948.02(2), and sentenced to six years in prison. He filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which the Court will now consider.

      Forster makes two arguments in support of his petition. First, he argues that touching a male's breast, regardless of the circumstances, is not "sexual contact" within the meaning of Wis. Stat. § 948.02(2). Second, he argues that the jury could not have reached a guilty verdict based on the evidence presented by the State of Wisconsin at trial.

Both arguments are without merit. His first argument would have this Court review the meaning of a state statute, which this Court cannot do. Section 2254(a) states that this Court can entertain a habeas petition "only on the ground that [the petitioner] is in custody in violation of the Constitution or law or treaties of the United States." Forster's argument about the meaning of a Wisconsin statute, therefore, is unavailing.

Forster's second argument also is unavailing. Forster alleges that the evidence presented to the jury was insufficient to find him guilty of Wis. Stat. § 948.02(2). Specifically, he alleges that the prosecutor did not prove, beyond a reasonable doubt, that he had "sexual contact" with the alleged victim. In order to support an insufficiency of the evidence claim, this Court must determine that, viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found the petitioner guilty. *See Jackson v. Virginia*, 443 U.S. 307 (1979).

A review of the trial transcript shows that a rational trier of fact could have found Forster guilty of second degree sexual assault of a child. The alleged victim ("Grant") testified at length about his interactions with Forster on the evening of March 24, 1999, when Forster had Grant over to his apartment. At the time, Grant was 15 years old. Forster knew Grant through a summer camp that Forster helped organize. Grant told the jury that on the evening of March 24, 1999, while watching television in Forster's apartment, Forster put his hand under Grant's shirt, rubbed

2

Grant's stomach and breasts, and kissed Grant on the neck for approximately 25 minutes. Grant's mother further testified that when she picked Grant up, Grant appeared disturbed and uncharacteristically quiet. Forster testified and denied the veracity of Grant's story, saying that he never touched Grant under his shirt or kissed him at all. The jury believed Grant, and found Forster guilty.

The jury had the opportunity to observe the demeanor of the witnesses to assess their credibility, and this Court sees nothing in the record to make it believe that the jury's determination was unreasonable. This Court cannot re-weigh the evidence *de novo*. Rather, it must determine whether, looking at the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Forster guilty of making sexual contact with Grant. Based on the testimony of Grant, and Wisconsin's interpretation of "sexual contact" as including the act of touching the chest of a child for the purpose of sexual gratification or humiliation, this Court is compelled to conclude that a rational trier of fact could have believed Grant and concluded that Forster is guilty. Accordingly, Forster's petition for a writ of habeas corpus must be denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Forster's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED.**

The clerk is directed to close this case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2006.

**SO ORDERED,**

 s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
Chief Judge